USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

               - against -

MUHAMMAD ASIF HAFEEZ,

                      Defendant.

**14 Cr. 716(VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Before the Court is Defendant Muhammad Asif Hafeez's ("Hafeez" or the "Defendant") response to the Government's sentencing submission, in which Hafeez charged the Government with breaching the plea agreement ("Plea Agreement"). (See "Response," Dkt. No. 339.) Also before the Court is the Government's reply, in which the Government argued that it did not breach the Plea Agreement and asked the Court to hold Hafeez to the Plea Agreement's terms. (See "Reply," Dkt. No. 342.) For the reasons below, the Court finds that the Government did not breach the Plea Agreement, and, accordingly, orders the Defendant to adhere to the Plea Agreement's stipulated offense level and sentencing range under the United States Sentencing Guidelines (the "Guidelines").

## I. BACKGROUND

On November 18, 2024, Hafeez pleaded guilty to one count of conspiracy to manufacture, distribute, and unlawfully

1

import heroin into the United States, in violation of 21 U.S.C. §§ 959(a), 959(d), 960(a)(3), 960(b)(1)(A), and 963, and 18 U.S.C. § 3238, and one count of conspiracy to manufacture, distribute and unlawfully import methamphetamine and marijuana into the United States, in violation of 21 U.S.C. §§ 959(a), 959(c), 960(a)(3), 960(b)(1)(G), 960(b)(1)(H), and 963, and 18 U.S.C. § 3238. (See Dkt. Minute Entry for Nov. 18, 2024; "S8 Superseding Indictment," Dkt. No. 48.) In the Plea Agreement, the parties stipulated to a Guidelines offense level of 42, a criminal history category of I, and a sentencing range of 360 months to life imprisonment. (See Plea Agreement at 3-4.[1]) Further, the parties agreed that neither would seek any departure or adjustment to the sentencing range pursuant to the Guidelines that was not set forth in the Plea Agreement. (See id. at 3.) At issue is the Government's following promise:

> Unless new information comes to the attention of the Government prior to sentencing, this Office will advocate for a sentence that is below the Stipulated Guidelines Range of 360 months to life imprisonment. The parties understand that this Agreement reflects the special facts of this case and is not intended as a precedent for other cases.

(Id. at 4.)

The parties submitted sentencing memoranda on March 11, 2025. (See "Govt. Sentencing Submission," Dkt. No. 330; "Def.

---

[1] The Plea Agreement was not docketed.

Sentencing Submission."[2]) In its Sentencing Submission, the Government advocated for a sentence of at least 276 months imprisonment, or 23 years, which was below the stipulated Guidelines sentencing range of 360 months to life imprisonment. (See Govt. Sentencing Submission at 2.) At a status conference on March 14, 2025, this Court granted the Defendant permission to respond to the Government's Sentencing Submission. (See Dkt. No. 336.)

On April 11, 2025, the Defendant filed its Response to the Government's Sentencing Submission. The Defendant argued that the Government's recommended sentence of at least 276 months' imprisonment breached "the spirit" of the Plea Agreement, although "technically adhered to the written terms," because the Government's sought sentence was the same as that received by co-defendant Ibrahim Akasha Abdalla ("Ibrahim") – who was sentenced to 23 years' imprisonment (see Dkt. No. 198) – and similar to that received by co-defendant Baktash Akasha Abdalla ("Baktash", and with Ibrahim, the "Abdallas") – who was sentenced to 25 years' imprisonment (see Dkt. No. 185). (Response at 1.) In support, the Defendant pointed to statements the Government made to the Probation Office, explaining that the Government's advocated sentence

---

[2] The Defendant's Sentencing Submission was not docketed.

3

was "'principally to avoid sentencing disparities with' the [Abdallas] because, unlike Hafeez, they were involved in violence and 'in light of Hafeez's age and asserted medical conditions.'" (Id.) Consequentially, the Defendant withdrew its stipulation to the Guidelines total offense level and sentencing range in the Plea Agreement. Instead, the Defense advocated for a Guidelines offense level of 33 (rather than 42) and a sentencing range of 135 to 168 months' imprisonment (rather than 360 months to life imprisonment). (See id. at 2-3.)

On April 21, 2025, the Government filed its Reply to the Defendant's Response. The Government argued that it did not breach the Plea Agreement because it promised to and did seek a sentence below the stipulated Guidelines sentencing range of 360 months to life imprisonment. (See Reply at 1.) The Government asserted that it never promised to seek a sentence below those imposed on the Abdallas, either in the Plea Agreement or during plea negotiations. Moreover, the Government's statements to the Probation Office reflected that the Government sought a sentence below the stipulated Guidelines range, not that Hafeez "is entitled to less time" than the Abdallas. (Id. at 3.) Finally, the Government requested that the Court hold Hafeez to the terms of the Plea Agreement, including the stipulated Guidelines sentencing

4

range and the provision forbidding the parties from seeking "any departure or adjustment pursuant to the Guidelines that is not set forth [in the plea agreement]." (Id. at 4.)

On May 23, 2025, the parties provided the complete Plea Agreement to the Court.

## II.   LEGAL STANDARD

"Plea agreements are interpreted in accordance with contract law principles." United States v. Colon, 220 F.3d 48, 51 (2d Cir. 2000). But because "plea agreements are significantly different from commercial contracts," the Court's "review of a plea agreement is not limited to its four corners." United States v. Feldman, 939 F.3d 182, 189 (2d Cir. 2019). "The court looks to the reasonable understanding of the parties as to the terms of the agreement in determining whether a plea agreement has been breached." Colon, 220 F.3d at 51. "Any ambiguities in the agreement must be resolved against the government." Id. Further, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Feldman, 939 F.3d at 189-90 (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)).

The government breaches a plea agreement where its "commentary reasonably appears to seek to influence the

court in a manner incompatible with the agreement . . . notwithstanding formal language of disclaimer." United States v. Onyegbule, 827 F. App'x 126, 128 (2d Cir. 2020) (internal quotation omitted). "When the Government breaches a plea agreement, the defendant is entitled to either withdraw his plea or have his agreement specifically performed," but "when the defendant is the party in breach, the Government is at least entitled to specific performance of the plea agreement." United States v. Cimino, 381 F.3d 124, 127 (2d Cir. 2004).

### III. DISCUSSION

Upon a review of the parties' submissions and the complete Plea Agreement, the Court finds that the Government has not breached the Plea Agreement by advocating for a sentence of at least 276 months' imprisonment. There is no language in the Plea Agreement obligating the Government to seek a sentence below the Abdallas' sentences. (See Plea Agreement.) Further, the Defendant does not allege that the Government made any promises during plea negotiations to seek a sentence below the Abdallas' sentences.

Regarding the statements that the Government made to the Probation Office, those statements were not a promise to seek a sentence below the Abdallas' sentences. Regardless, those statements were not made to the Defendant, and the

Defendant did not allege that the Government made those statements during the plea negotiations, such that they could be considered an inducement to enter the Plea Agreement. See Feldman, 939 F.3d at 189-90. Moreover, during the plea allocution, while under oath, Hafeez answered "no" to Magistrate Judge Stewart Aaron's questions regarding whether, apart from the Plea Agreement, "any threats or promises [have] been made to you to make you plead guilty," and whether "any understandings or promises [have] been made to you concerning the sentence that you will receive." ("Plea Allocution Tr.," Dkt. No. 318 at 15:03-12.)

Therefore, for the above reasons, the Court finds that the Government has not breached the Plea Agreement. Consequentially, the Court orders Hafeez to abide by the terms of the Plea Agreement, specifically the stipulated Guidelines offense level of 42 and sentencing range of 360 months to life imprisonment, and the provision that neither party would seek a departure from the sentencing range pursuant to the Guidelines that was not set forth in the Plea Agreement. See Cimino, 381 F.3d at 127. Therefore, the Court will disregard the Defendant's Response, which argued for a Guidelines offense level and sentencing range below what was stipulated in the Plea Agreement. The Court clarifies that it will consider the Defendant's initial

7

Sentencing Submission, dated March 8, 2025, which was premised on the stipulated Guidelines range, as well as the Defendant's letter dated May 23, 2025 (see Dkt. No. 346), which does not challenge the stipulated Guidelines calculations.

## IV. ORDER

Accordingly, for the reasons stated above, the Court hereby

**ORDERS** Defendant Muhammad Asif Hafeez ("Hafeez") to abide by the terms of the plea agreement.

**SO ORDERED.**

Dated:    June 3, 2025
          New York, New York

Victor Marrero
U.S.D.J.