USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/17/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES,

            - against -

MUHAMMAD ASIF HAFEEZ,

            Defendant.

---

**14-CR-716 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Before the Court is the motion of defendant Muhammad Asif Hafeez ("Hafeez") for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") and Amendment 821 to the United States Sentencing Guidelines ("Amendment 821"). (See Dkt. No. 355.) Because Hafeez does not qualify for a sentencing reduction under either Section 3582(c)(2) or Amendment 821, the motion is **DENIED.**

## I.    BACKGROUND

On November 18, 2024, Hafeez pled guilty before Magistrate Judge Stewart D. Aaron to two counts of conspiracy to manufacture, distribute, and unlawfully import narcotics. (See Dkt. No. 318.) On June 6, 2025, Hafeez was sentenced to 192 months' imprisonment. (See Dkt. No 349 at 2; "Sentencing Tr.", Dkt. No. 351 at 25:11-17.) At sentencing, the Court found that Hafeez's offense level amounted to forty-two and his criminal history fell into category one. (See Sentencing Tr. at 24:6-11.) The offense level included a three-level

enhancement pursuant to U.S.S.G. § 3B1.1 because Hafeez was a manager or supervisor and the criminal activity involved five or more participants. (See Dkt. No. 327 at 20.)

On September 3, 2025, Hafeez filed the current motion for a sentence reduction. (See Dkt. No. 355.)

## II.  **DISCUSSION**

Pursuant to Section 3582(c)(2), a federal court may reduce a defendant's sentence if the defendant was originally sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" when the Sentencing Commission's modification of the sentencing range is made retroactive. 18 U.S.C. § 3582(c)(2); see United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

Amendment 821 went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). In relevant part, Amendment 821 amended U.S.S.G. § 4C1.1(a) to provide for a decrease of two levels in the offense level of defendants who did not receive any criminal history points and who do not meet other criteria for exclusion. See U.S.S.G. § 4C1.1(a). Among the exclusions is the receipt of an offense level enhancement for the defendant's role in the instant offense under U.S.S.G. § 3B1.1. See U.S.S.G. § 4C1.1(a)(10).

2

Hafeez is not eligible for a sentence reduction pursuant to Section 3582(c)(2) and Amendment 821. Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 821 went into effect on November 1, 2023. See U.S.S.G. § 4C1.1; United States v. Tejeda, No. 11-CR-01015, 2024 WL 1676329, at *2 (S.D.N.Y. Apr. 18, 2024). Hafeez was sentenced on June 6, 2025. (See Dkt. No. 347.) Hafeez was therefore not sentenced based on a sentencing range "subsequently lowered" by application of Amendment 821. See United States v. Cahuana-Barrientos, No. 1-CR-91, 2025 WL 2720571, at *2 (S.D.N.Y. Sept. 24, 2025) (holding that "Amendment 821 cannot support the defendant's request" for a sentence reduction, "as it was fully in effect at the time of [the defendant's] sentencing").

In addition, Hafeez was not eligible at the time of his sentencing and is not now eligible for a decrease of two offense levels pursuant to Amendment 821 and U.S.S.G. § 4C1.1(a). Hafeez received an offense level enhancement under U.S.S.G. § 3B1.1 for his role in the offense and therefore does not qualify for an offense level reduction under U.S.S.G. § 4C1.1(a). See U.S.S.G. § 4C1.1(a)(10).

### III. <u>ORDER</u>

For the foregoing reasons, it is hereby

**ORDERED** that the motion of defendant Muhammad Asif Hafeez for a sentence reduction (Dkt. No. 355) is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Docket Number 355. The Clerk of Court is also respectfully directed to mail a copy of this Decision and Order to Muhammad Asif Hafeez, Register Number 58665-510, FSL Correctional Institution Elkton, P.O. Box 10, Lisbon, OH 44432, and note service on the docket.

**SO ORDERED.**

Dated:   17 February 2026
         New York, New York

 

_____
Victor Marrero
U.S.D.J.